UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                              )
                                    )    Case No. 16 B 02256
    GLENBROOK GROUP, INC.,       )
                                    )    Chapter 7
    Debtor.                      )

## MEMORANDUM DECISION

Now before the court is the amended motion of Lake Bluff Park District seeking an order instructing it as to whom it should turn over property under 11 U.S.C. § 542. For the following reasons, Lake Bluff Park District is ordered to turn over currently held funds to the chapter 7 trustee.

## BACKGROUND[1]

Debtor, Glenbrook Group, Inc., was engaged in the business of roofing construction prior to filing the instant chapter 7 case. On July 27, 2015, Debtor entered into a construction contract with Lake Bluff Park District ("LBPD") to provide services on a roof and HVAC rehabilitation project for its recreation center. After some delays, Debtor finally finished the project in December 2015.

Before it could pay out the $30,160.00 of remaining contract funds, LBPD received a letter from Debtor's surety, Granite Re, Inc. ("Granite"). Granite provided Debtor with payment and performance bonds for the project. Granite's letter requested that the remaining contract funds be paid over to it because of potential claims from Debtor's suppliers and/or subcontractors. LBPD also received a $5,434.88 lien claim against the contract funds from the Roofer's Pension Fund, Roofers' Unions Welfare Trust Fund, Chicagoland Roofers'

---

[1] The facts set forth in this statement are only for the purpose of context and do not constitute findings.

1

Apprenticeship and Training Fund, Roofers' Reserve Fund, Roofing Industry Advancement and Research Fund, Roofers' Local 11 Promotional and Organizations Fund, National Roofing Industry Pension Plan, and the United Union of Roofers, Waterproofers and Allied Worker's Local No. 11 (collectively referred to as "Claimants"). Claimants then sent an amended lien claim for $14,987.68.

Debtor filed a chapter 7 bankruptcy on January 26, 2016. Consequently, the chapter 7 trustee sent a letter to LBPD requesting it to turn over the funds. Around the same time, Granite contacted LBPD to instruct it to pay $5,434.88 to the claimants or transfer the remaining contract funds to Granite to pay Claimants. Subsequently, Granite paid Claimants $19,285.20 in exchange for assignment of their claims.

Due to its confusion, LBPD filed the instant motion to determine where to pay the contract funds. Both Granite and the trustee filed response and reply briefs. Granite argued that the portion it paid to the Claimants, $19,285.20, should be directly turned over to it and the rest to the trustee. The trustee argued that all of the funds came into the estate under 11 U.S.C. § 541. After reviewing the parties' briefs, the court holds that the contract funds are property of the estate. LBPD must turn over the funds to the chapter 7 trustee. The trustee may not distribute the funds, however, until Granite's interest is established.

## *DISCUSSION*

Under 11 U.S.C. § 542(b):

> Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

2

All parties agree that the contract funds were owed to Debtor on the petition date. Thus, this decision focuses on whether the entire amount of the contract funds is property of the estate.

***Under a Plain Reading of Section 541, all of the Contract Funds are Property of the Estate.***

Upon the filing of a bankruptcy petition, all legal and equitable interests of the debtor come into the bankruptcy estate unless excepted in 11 U.S.C. § 541(b) or (c)(2).[2] Even property subject to the interest of another comes into the estate to the extent of the debtor's legal title.[3] Essentially, the plain language of § 541(a)(1) and (d) instructs that any property in which the debtor has the slightest interest comes into the estate. Nevertheless, a finding that something is property of the estate does not mean a debtor has a greater right to the property, only that the property comes into the estate. The United States Court of Appeals for the Fifth Circuit addressed this issue and stated as follows:

> Even if all or part of this sum were subject to a "constructive trust" in favor of Dura-Wood, Foster, and other suppliers to Sigma, nevertheless, at the least, Sigma had a "legal" interest in the property so impressed, which was thus property of the estate, § 541(a)(1), required to be turned over to it, § 542(a), (b), subject to the bankruptcy court's power to recognize the suppliers' equitable interest, § 541(d) or to issue protective order prohibiting or conditioning its use if a cash equivalent, § 363(c)(3), (4) and § 541(d). Georgia-Pacific, a debtor of Sigma, could not refuse to pay over sums due to the estate and to which the estate had legal title on the contention that some other debtor had a priority or a constructive-trust claim to these sums superior to that of Sigma, the debtor in possession. It is for the bankruptcy court, not a

---

[2] 11 U.S.C. § 541(a) provides, in pertinent part, that "[t]he commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case."

[3] 11 U.S.C. § 541(d) provides that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as mortgage secured by real property, or an interest in such mortgage, sold by debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."

3

> stakeholder with possession of assets in which the debtor has at least a legal interest, to determine such contentions.

*Georgia Pac. Corp. v. Sigma Serv. Corp.*, 712 F.2d 962, 967-68 (5th Cir. 1983)(footnote omitted). If the debtor has any claim to the property and it is not covered by an exception, it is the bankruptcy court that determines distribution, not the creditor.

In this case, Granite argues that Debtor may have bare legal title to the remaining contract funds but Granite has a greater equitable interest. The court has not made a factual finding concerning Granite's interest. Determinations of interests are governed by Federal Rule of Bankruptcy Procedure 7001(2) which provides that "a proceeding to determine the validity, priority or extent of a lien or other interest in property other than a proceeding under rule 4003(d)" is an adversary proceeding. Granite used this motion to argue its right to the funds. The appropriate avenue is an adversary proceeding. If one is filed, the court will determine Granite's interest at that time. As such, all of the contract funds are deemed property of the estate subject to whatever interest Granite holds.

The foregoing analysis resolves LBPD's motion. For the sake of clarity, the following discussion addresses Granite's arguments.

### *Subrogation does not take contract funds out of the estate.*

Granite argues that its claim should be subrogated above Debtor's right to the property and therefore found not to be property of the estate. The doctrine of subrogation provides that "a surety who pays the debt of another is entitled to all the rights of the person he paid to enforce his right to be reimbursed." *Pearlman v. Reliance Ins. Co.*, 371 U.S. 132, 137 (1962). Granite argues that subrogation takes its claim out of the bankruptcy estate either by statute under 11 U.S.C. § 509 and/or by an equitable lien as set forth in *Pearlman v. Reliance*. Neither of these arguments is persuasive. Assuming, for the moment, that Granite has a right to equitable or

4

statutory subrogation, this doctrine only directs how the trustee distributes or abandons property, not its classification as property of the estate.

### A. *Subrogation under 11 U.S.C. § 509 does not take the contract funds out of the estate.*

Granite argues that its claim should be subrogated under § 509(a) which provides "[e]xcept as provided in subsection (b) or (c) of this section, an entity that is liable with the debtor on, or that has secured, a claim of a creditor against the debtor, and that pays such a claim, is subrogated to the rights of such creditor to the extent of such payment." Granite's claims may be eligible for subrogation but this provision only subrogates the claim as to the *creditor* whose claim Granite paid. Granite paid Claimants. Thus, § 509 would subrogate Granite's claim above Claimants, not above Debtor or the trustee as administrator of Debtor's bankruptcy estate. Section 509 does not take any portion of the contract funds out of the bankruptcy estate.

### B. *Pearlman v. Reliance Insurance Company Does Not Apply to This Case.*

Granite argues that the court should follow *Pearlman v. Reliance Ins. Co.*, 371 U.S. at 135-36, 141, to find that an equitably subrogated claim is excluded from property of the estate.

In *Pearlman*, Dutcher Construction Corporation entered into a contract with the United States. *Id.* at 133. As required by federal law, Reliance Insurance Company executed two surety bonds, one to guarantee performance of the contract and the other to guarantee payment to all persons supplying labor. *Id.* "Under the terms of the contract… the United States was authorized to retain and hold a percentage of estimated amounts due monthly until final completion and acceptance of all work covered by the contract." *Id.* at 133-34. Before completion, the United States terminated the contract due to Dutcher's financial trouble. *Id.* at 134. Dutcher filed bankruptcy and the United States turned over the $87,737.35 it was holding to the bankruptcy trustee, "who held it on the assumption that it had been property of the bankrupt at the time of

5

adjudication and therefore had vested in the trustee 'by operation of law' under s 70 of the Bankruptcy Act." *Id.* Reliance then filed a petition in the District Court arguing that it was the owner of the $87,737.35 free and clear of the claims of the bankruptcy trustee. *Id.*

On appeal, the Supreme Court stated that "[p]roperty interests in a fund not owned by a bankrupt at the time of adjudication, whether complete or partial, legal or equitable, mortgages, liens or simple priority rights, are of course not a part of the bankrupt's property and do not vest in the trustee." *Id.* at 135. Thus, the Court used the doctrine of equitable subrogation to hold that Reliance obtained a right to the funds that did not come into the bankruptcy estate. *Id.* at 135-36, 141.

If *Pearlman* is read in isolation, one could argue Granite is correct and that a subrogated claim would exclude a portion of the contract funds from the bankruptcy estate. The Supreme Court used its interpretation of section 70 of the Bankruptcy Act to decide *Pearlman. Id.* at 134. The Bankruptcy Code replaced the Act in 1978. Pub. L. No. 95-598 (1978). The Code expanded the definition of property of the estate. See *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204-205 (1983); *In re Nemko, Inc.*, 143 B.R. 980, 986 (Bankr. E.D.N.Y 1992)("The Supreme Court decided the *Pearlman* case pursuant to the old Bankruptcy Act which defined the property passing to the bankrupt's trustee in a more limited fashion than the Bankruptcy Code currently defines the property of the debtor's estate.")(footnotes omitted). In fact, the very things the Court states are not property of the estate in *Pearlman,* property subject to equitable interests, mortgages, liens, etc., are now included as property of the estate under § 541(d), albeit subject to any equitable interest. 11 U.S.C. § 541. Therefore, *Pearlman's* holding on this issue is no longer precedential to this court.

Nevertheless, even if *Pearlman's* holding did take property out of the estate,[4] it is not directly applicable to Granite. *Pearlman* involved federal funds from a government contract; the instant case involves an Illinois municipality. Federal contracts require special treatment. "In the context of contracts for federal projects, [] sovereign immunity prevents subcontractors from attaching liens to federal property. Consequently, subcontractors have no access to the protection of statutory liens in contracts governed by the Miller Act." (the bond act at issue in *Pearlman*) *In re Pyramid Industries, Inc.*, 210 B.R. 445, 454-55 (N.D. Ill. 1997), *rev'd on other grounds, sub nom. United States v. Maxwell*, 157 F.3d 1099 (7th Cir. 1998)(internal citations omitted). Thus, the Supreme Court, in *Pearlman*, created an equitable lien to allow the surety to take the funds free and clear of the bankruptcy estate's interest. Because the instant case does not involve federal funds, the court cannot rely on *Pearlman*, it must apply the law of the of the contract state. See *In re Big Idea Productions*, 372 B.R. 388, 397 (Bankr. N.D. Ill. 2007)(applying Texas law to determine if an equitable lien arose). In this case, the contract is governed by Illinois law;[5] *Pearlman* does not apply.

## CONCLUSION

For the foregoing reasons, the contract funds are property of the estate pursuant to 11 U.S.C. § 541(a) and (d). Lake Bluff Park District is ordered to turn the $30,160.00 held on

---

[4] With this decision, this court departs from some other non-binding courts in this circuit that have used *Pearlman* to find that a surety's subrogated claim took contract funds out of the bankruptcy estate. See *Board of Trustees of Illinois v. United States Fidelity and Guaranty Company et. al.*, 1991 WL 127589, *1 (N.D. Ill. July 3, 1991); *In re Security Unlimited Enterprises, Inc.*, 1982 WL 19324, *1 (Bankr. N.D. Ill. March 18, 1982).

[5] Under Illinois law, 770 ILCS 60/23, subcontractors are granted liens against public funds. It follows that the United States Court of Appeals for the Seventh Circuit has been reluctant to recognize equitable liens. See *Capitol Indemnity Corp. v. United States*, 41 F.3d 320, 325 (7th Cir. 1994). It would be especially troublesome to impose an equitable lien in this case because Claimants assigned their lien rights to Granite.

7

Debtor's contract over to the chapter 7 trustee. The trustee is ordered to withhold the funds from distribution pending a determination of Granite's interest.

It may be so ordered.

Dated:  May 24, 2016

_____
DEBORAH L. THORNE
UNITED STATES BANKRUPTCY JUDGE