# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GLENBROOK GROUP, INC., ) | |
| ) | No. 16-cv-05927 |
| Debtor. ) | |
| _____) | Judge Andrea R. Wood |
| ) | |
| GRANITE RE, INC. ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| IRA BODENSTEIN, as Chapter 7 Trustee for ) | |
| the bankruptcy estate of Glenbrook Group, Inc., ) | |
| ) | |
| Appellee. ) | |

## ORDER

Appellee's motion to dismiss [19] is granted. The Court dismisses this appeal for lack of jurisdiction because the order from which the appeal is taken is not a final order and thus, pursuant to 28 U.S.C. § 158(a)(1), this Court does not have jurisdiction to review it. This matter is remanded to the bankruptcy court for further proceedings. All pending hearing dates are stricken. See the accompanying Statement for details. Civil case terminated.

## STATEMENT

This matter concerns the proper distribution of proceeds from a roofing construction contract between the Lake Bluff Park District ("LBPD") and Glenbrook Group, Inc. ("Glenbrook"), the latter of which entered into Chapter 7 bankruptcy proceedings. Glenbrook's bankruptcy trustee ("Trustee") and Glenbrook's surety, Granite Re, Inc. ("Granite"), both claimed the proceeds and sent separate demands to LBPD to tender the proceeds in full only to them. LBPD sought an order from the bankruptcy court directing it where to send the proceeds. After a full round of briefing including both the Trustee and Granite, the bankruptcy court ruled that the contractual proceeds were "property of the estate" to be administered through the bankruptcy proceedings and that LBPD should therefore tender the proceeds to the Trustee. *In re Glenbrook Grp., Inc.*, 552 B.R. 735, 737–38 (Bankr. N.D. Ill. 2016). The bankruptcy court expressly left any determination of Granite's and Glenbrook's interests in the proceeds to a later adversarial proceeding, and therefore ordered the Trustee to hold the funds pending that determination. *Id.* at 738. Granite now appeals the bankruptcy court's decision that the contractual proceeds were "property of the estate."

## I.     Background

Glenbrook's business was roofing construction. In July 2015, Glenbrook entered into a contract with LBPD, under which Glenbrook agreed to perform roofing work at LBPD's Blair Park Fitness Center. *In re Glenbrook*, 552 B.R. at 737. In August 2015, Granite, acting as surety for the project, executed payment and performance bonds for the project. *Id.* After Glenbrook completed work on the project in December 2015, LBPD was holding $30,160.00 that was due and payable to Glenbrook. *Id.* Thereafter, Granite sent LBPD a letter advising that, because of potential claims from suppliers and subcontractors, Granite was demanding that all remaining contract funds be released only to Granite. *Id.*

In early January 2016, the roofers' pension fund and other affiliated funds (collectively, the "Trust Funds") served LBPD with a notice of lien. In the notice, the Trust Funds represented that some of its participants/members performed roofing work on the project as employees of Glenbrook, for which they were not paid certain fringe benefit contributions in the amount of $5,434.88. *Id.* The Trust Funds subsequently amended their lien claim to increase the amount due to $14,987.65. *Id.* On January 26, 2016, Glenbrook filed a petition for relief under Chapter 7 of the Bankruptcy Code, with the Trustee appointed on February 1, 2016. *Id.*

The Trustee sent a letter to LBPD demanding that LBPD turn over the funds related to the project. *Id.* At the same time, Granite also sent LBPD a letter authorizing LBPD to pay the Trust Funds the sum of $5,434.88 on account of their lien and requesting that LBPD send all proceeds to Granite. *Id.* On or about March 4, 2016, Granite completed its investigation into the Trust Funds' claim and determined that they were owed $19,285.20. *Id.* Then, on or about March 8, 2016, Granite paid the Trust Funds the sum of $19,285.20, and, in exchange, the Trust Funds assigned their lien to Granite. *Id.*

Meanwhile, LBPD filed a motion with the bankruptcy court seeking direction as to what it should do with the contested funds. Though the Trustee and Granite filed response and reply briefs to the motion, neither the Trustee nor Granite commenced an adversary proceeding against the other to determine their competing interests in the contested funds. On May 24, 2016, the bankruptcy court issued a memorandum opinion addressing the LBD's motion. The bankruptcy court determined that the funds were property of the estate per 11 U.S.C. § 541. *Id.* at 737–40. However, because determining an interest in property requires an adversary proceeding (*see* F. R. Bankr. P. 7001(2)), the bankruptcy court declined to make findings of fact about Granite's interest, if any, in the funds. *Id.* at 738. Thus, the bankruptcy court ordered the Trustee to hold the funds pending determination of Granite's interest therein. *Id.* at 740. Granite then filed its notice of appeal of the bankruptcy court's decision.

## II.     Discussion

Before the Court can turn to the merits of this case, it "must first ensure that [its] appellate jurisdiction is secure." *Minn. Life Ins. Co. v. Kagan*, 724 F.3d 843, 846 (7th Cir. 2013). Section 158(a)(1) of the Bankruptcy Code confers jurisdiction on this Court "to hear appeals [ ] from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(1). "Finality in a

2

bankruptcy appeal is considerably more flexible than in an ordinary civil appeal taken under 28 U.S.C. § 1291 and, in the bankruptcy context, does not require the termination of the entire bankruptcy proceeding." *Schaumburg Bank & Trust Co. v. Alsterda*, 815 F.3d 306, 312 (7th Cir. 2016). But, as the Supreme Court recently clarified, where a bankruptcy court's order does not "alter[ ] the status quo" or "fix[ ] the rights and obligations of the parties[,]" it does not finally dispose of a discrete "dispute." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015). In a recent decision, the Seventh Circuit restated *Bullard*'s holding as follows: "[D]eciding an issue without resolving the underlying dispute . . . is not final." *In re Ferguson*, 834 F.3d 795, 800 (7th Cir. 2016). Among the categories of bankruptcy orders that district courts have jurisdiction to review even though they do not dispose of the entire bankruptcy proceeding are: (1) orders that resolve all contested issues in the proceeding, leaving only the distribution of assets, (2) orders that determine the status of all of one creditor's claims, and (3) orders that determine a "discrete dispute that, but for the continuing bankruptcy, would have been a stand-alone suit by or against the trustee." *In re J.S. II, L.L.C.*, 2009 WL 889988, *2–3 (N.D. Ill. Mar. 31, 2009) (quoting *Zedan v. Habesh*, 529 F.3d 398, 402 (7th Cir. 2008)).

In light of this, the Court concludes that the bankruptcy court's decision here was nonfinal and therefore not appealable. As noted, the bankruptcy court merely determined that the contractual proceeds from LBPD were "property of the estate," within the meaning of Section 541. *In re Glenbrook*, 552 B.R. at 737–38. The bankruptcy court correctly observed that it could only make a determination of Granite's and Glenbrook's interest in the contractual proceeds in an adversarial proceeding, pursuant to Federal Rule of Bankruptcy Procedure 7001(2). Thus, the bankruptcy court left the determination of the parties' actual interest in the contractual proceeds undecided, ordering LBPD to send the proceeds to the Trustee and the Trustee to withhold the proceeds from distribution pending a determination of Granite's interest in them. *Id.* at 740–41. Therefore, the bankruptcy court's decision did not "fix[ ] the rights and obligations of the parties[,]" and did not finally dispose of a discrete "dispute." *Bullard*, 135 S. Ct. at 1692. Rather, the bankruptcy court's decision merely "decid[ed] an issue without resolving the underlying dispute" and therefore was not final. *In re Ferguson*, 2016 WL 4440508, at *3. Indeed, the bankruptcy court's decision does not resemble any of the three categories of orders listed above: it does resolve the issues so that the proceeds can be distributed; it does not resolve Granite's or any other creditor's claims in totality; and no discrete dispute has been fully decided.

Granite argues that the bankruptcy court's decision that the contract proceeds are part of the bankruptcy estate and must be "turned over" to the estate itself is an appealable decision. But none of the cases Granite offers actually supports this proposition. For example, *In re Tolomeo*, 832 F.3d 815 (7th Cir. 2016), is completely inapposite. That case concerned whether the subject matter of an appeal was a "core proceeding " under the meaning of 28 U.S.C. § 157, and consequently whether a bankruptcy judge had jurisdiction to issue a final order on the subject matter. *Id.* at 817. Here, there is no question about whether the subject matter is a "core proceeding"—rather, the question is whether the bankruptcy court in fact issued a final decision regarding the core proceeding. Similarly inapt is *In re Peel*, 725 F.3d 696 (7th Cir. 2013). There, the Seventh Circuit held that the bankruptcy court's order determining that a spousal claimant was entitled to receive certain annuity payments under a pre-petition marital settlement agreement was final and appealable. *Id.* at 699. However, in stark contrast to this case, the bankruptcy court in *In re Peel* decided who ultimately gained possession of the contested asset. *Id.* at 701–02.

3

      Granite implores this Court with the assertion that "[a] conclusive disposition of claims to assets would be a final decision in a stand-alone suit [and] therefore it is an appealable order." (Granite Resp. at 2, Dkt. No. 22 (citing *In re Xonics, Inc.*, 813 F.2d 127, 130 (7th Cir. 1987)).) This is a correct statement of the law, but it does not apply to these facts. The bankruptcy court's decision here left the conclusive determination of the interests in the proceeds for another day, thereby rendering the bankruptcy court's determination nominal. *See In re Wheeler*, 252 B.R. 420, 424 (W.D. Mich. 2000) (holding that an order which "clearly failed to dispose of the issue of the value of the debtor's [rights in the subject property]" was nominal); *In re Powelson*, 878 F.2d 976, 981 (7th Cir. 1989) (holding that a district court's order was not final because it did not complete the litigation, leaving nothing more for the district court or bankruptcy court to do).

      For these reasons, this Court lacks appellate jurisdiction and this matter must be remanded to the bankruptcy court.

Dated: January 10, 2017

                                        Andrea R. Wood
                                        United States District Judge